**E-FILED**
Monday, 26 January, 2015 09:34:58 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| JACK BLANK, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| KNOX COLLEGE, | ) | Case No. 14-cv-1386 |
| | ) | |
| Defendant. | ) | |

## O R D E R  &  O P I N I O N

On September 23, 2014, the above-captioned civil action was removed to this Court from the Circuit Court of Knox County, Illinois pursuant to a Notice of Removal citing several sections of Chapter 89, Title 28 of the United States Code. (*See* Doc. 1). Several days later, Defendant, Knox College, filed a motion to dismiss the removed Complaint. (Doc. 4). Plaintiff, Jack Blank, responded by filing an Amended Complaint. (Doc. 6). Defendant parried with another motion to dismiss. (Doc. 8). That motion is now pending before the Court, is fully briefed and ready for ruling. For the reasons stated below the Motion to Dismiss is GRANTED in part.

### BACKGROUND[1]

Plaintiff was a student at Knox College. In the fall semester of 2013, two female students accused Plaintiff of sexual misconduct. At Plaintiff's request,

---

[1] These facts are taken from the Amended Complaint and are deemed true.

1

Defendant conducted a grievance hearing[2] to address the sexual misconduct complaints. At this grievance hearing, Plaintiff presented some exculpatory evidence but was not allowed to present all of his evidence. One of his accusers did not appear at the hearing. Plaintiff was not allowed to cross-examine witnesses. After consideration of the information presented at the grievance hearing, including only a partial amount of the information offered by Plaintiff, Defendant determined that Plaintiff's conduct violated its policy against sexual misconduct as to both complainants. Defendant subsequently determined that Plaintiff should be suspended for two terms.

Plaintiff now brings a two count action seeking a preliminary injunction and compensatory relief. In Count I, Plaintiff asserts an Illinois state law breach of contract claim. In Count II, Plaintiff asserts that Defendant violated 20 U.S.C. § 1681, which prohibits sex or gender discrimination by any educational program or activity that receives federal assistance. He seeks to enjoin Defendant from imposing the two-term suspension he has already served, require Defendant to take steps to prevent sex-based discrimination and harassment, expunge all findings of

---

[2] The Plaintiff complains of the Defendant's actions occurring at *a* grievance hearing, which leaves the impression he was only given one opportunity to present his "case" to the Defendant. According to the Defendant, Plaintiff was actually granted an appeal and given another hearing, after which he was still found to have committed the accused acts of sexual misconduct. It is not at all clear which of the two hearings Plaintiff is complaining of in his Amended Complaint. Moreover, since the existence of an appeal and second hearing are not pled in the Amended Complaint, the Court cannot consider them. Plaintiff alleges he has exhausted his administrative remedies (Doc. 6 at ¶¶ 35 and 40), so the Court must take that allegation as true for purposes of disposing of the instant 12(b)(6) motion. However, this issue may be of significance later on in the case should the matter proceed further.

misconduct from Plaintiff's academic record, and compensate him for his expenses in pursuing this lawsuit.

**LEGAL STANDARDS**

Under Federal Rule of Civil Procedure 8(a)(2), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Though detailed factual allegations are not needed, a "formulaic recitation of a cause of action's elements will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The complaint must contain 'enough facts to state a claim to relief that is plausible on its face.'" *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602 (7th Cir. 2009) (quoting *Twombly*, 550 U.S. at 557; *Tamayo v. Blagojevich*, 526 F.3d 1074, 1084 (7th Cir. 2008)). "A claim has facial plausibility 'when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" *Bissessur*, 581 F.3d at 602 (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"In ruling on Rule 12(b)(6) motions, the court must treat all well-pleaded allegations as true and draw all inferences in favor of the non-moving party." *In re marchFIRST, Inc.*, 589 F.3d 901, 904 (7th Cir. 2009) (citing *Tamayo*, 526 F.3d at 1081 (7th Cir. 2008)). To survive a motion to dismiss under Rule 12(b)(6), a plaintiff's complaint must plausibly suggest that the plaintiff has a right to relief, "raising that possibility above a 'speculative level.'" *EEOC v. Concentra Health Servs., Inc.*, 496 F.3d 773, 776 (7th Cir. 2007) (citing *Twombly*, 550 U.S. at 555).

# DISCUSSION

The Court will discuss Count II of the Amended Complaint first because it is the only claim encompassing federal law and the touchstone of this Court's jurisdiction over the matter.

As the Plaintiff himself states in his Memorandum in opposition to the Motion to Dismiss, "to state a claim under Title IX, a plaintiff must allege 1) that he or she was excluded from participation in or denied benefits of or subjected to discrimination in an educational program; 2) that receives federal financial assistance; and 3) that the exclusion was on basis of sex, i.e., gender." (Doc. 11 at 10 citing *Torrespico v. Columbia Coll.*, No. 97 C 8881, 1998 WL 703450, at *17 (N.D. Ill. Sept. 30, 1998)). The Amended Complaint contains an allegation that Knox College is an educational institution receiving federal funds. (Doc. 6 at ¶ 23). The Amended Complaint also contains allegations that Plaintiff was not allowed to fully participate in the grievance hearing. (Doc. 6 at ¶¶28-32). What the Amended Complaint lacks are <u>plausible</u> allegations that the Defendant disallowed Plaintiff from participating fully in the grievance hearing because of his sex.

The closest Plaintiff comes to fulfilling the minimal pleading requirement is Paragraph 32 in which he states:

> Defendant violated Plaintiff's civil rights on the basis of gender by denying a portion of relevant evidence he presented at hearing as well as failing to consider all of the relevant evidence he presented in hearing while fully considering any evidence presented by or on behalf of the alleged female victims in making its decision in an arbitrary and capricious manner.

4

(Doc. 6 at ¶32). Essentially, Plaintiff argues that he was discriminated against because (1) Defendant disallowed him from presenting all of the evidence he deemed relevant and (2) Defendant deemed his accusers' evidence more compelling than some of the evidence he was allowed to present, (3) all because his alleged victims are female. A careful reading of the quoted text reveals that Plaintiff never actually states that the sex of his accusers is the reason why the Defendant acted as it did in the grievance hearing. He leaves it to the Court to infer that connection, which is an unsound manner of pleading a Title IX claim since the crux of such a claim must be intentional sex discrimination. *See generally*, *Parker v. Franklin Cnty. Cmty. Sch. Corp.*, 667 F.3d 910, 919 (7th Cir. 2012) (reaffirming that the purpose of Title IX is to ensure that federal funds are not used to facilitate intentional sex discrimination). But suppose Plaintiff simply affirmatively alleged: "Defendant violated Title IX when it made adverse evidentiary rulings against me, thereby denying me full participation in an educational program, and found my accusers' evidence more relevant, credible and compelling because my accusers are female and I am male." Even that, by itself, would be insufficient under federal pleading requirements because such a statement would be a mere conclusion. The Supreme Court has explained that when pleading a federal cause of action, mere labels or legal conclusions are entitled to no weight. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

Defendant contends that Plaintiff is asserting an "erroneous outcome" claim. (Doc. 9 at 3).[3] Under such a claim, the Second Circuit has held a plaintiff must "allege particular facts sufficient to cast some articulable doubt on the accuracy of the outcome of the disciplinary proceeding. . ." and "particular circumstances suggesting that gender bias was a motivating factor behind the erroneous finding." *Yusuf v. Vassar College*, 35 F.3d 709, 715 (2d Cir. 1994). In the most analogous case from this judicial circuit, *Torrespico v. Columbia College*, No. 97 C 8881, 1998 WL 703450 (N.D. Ill. Sept. 30, 1998), the district court explained that it found *Yusuf* instructive in the apparent absence of Seventh Circuit precedent. *Id.* at *18 n. 11. While the *Torrespico* court did not endorse the *Yusuf* court's apparent requirement that a Title IX plaintiff show "particularized facts" substantiating her claim, the *Torrespico* court did find that the plaintiff in that case had failed to even provide conclusory allegations that supported his claim. *Id.* at *18.

Defendant advocates application of Yusuf's particularized fact pleading. (Doc. 9 at 3-4). This Court declines to find that a Title IX plaintiff must present

---

[3] Courts have recognized two distinct categories of Title IX claims attacking university disciplinary proceedings, "erroneous outcome" claims and deliberate indifference" claims. "In the first category, the claim is that the plaintiff was innocent and wrongly found to have committed an offense. In the second category, the plaintiff alleges selective enforcement." *E.g. Yusuf*, 35 F.3d at 715. Plaintiff makes no mention of under which category his Title IX claim falls. The Court agrees with the Defendant that Plaintiff's claim falls under the "erroneous outcome" category given the nature of the allegations that he presented evidence "acquitting himself" of sexual misconduct yet was nevertheless found to have had committed the alleged acts of sexual misconduct. (Doc. 6 at ¶¶29 and 31).

6

"particularized facts" substantiating his claim. That is a pleading standard found in Federal Rule of Civil Procedure 9(b) that applies specifically to allegations of fraud or mistake. The standard pleading requirements articulated in Federal Rule of Civil Procedure 8 apply here. However, both the *Torrespico* and *Yusuf* decisions predate the rejection of the relatively lax pleading standard articulated in *Conley v. Gibson*, 355 U.S. 41 (1957) (abrogated by *Twombly*, 550 U.S. 544). Under current precedent, not only must a complaint comply with the literal requirements of Rule 8 of plainly and concisely stating the claims, it must also provide factual allegations in the claims that are sufficient to raise the possibility of relief above the "speculative level," assuming that all of the allegations in the complaint are true. *E.E.O.C.*, 496 F.3d 773, 776 (7th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Taking everything in the Amended Complaint as true, Plaintiff has not provided enough factual allegations to allow one to plausibly conclude that Defendant either disallowed Plaintiff from presenting some of his evidence or believed his accusers over Plaintiff due to his sex, or the sex of his accusers. Plaintiff's Memorandum in opposition to the Motion to Dismiss highlights the purely speculative nature of his claim. He writes:

> . . . in the present case, there are several decisions of the board **suggesting** gender bias including permitting evidence from absent witnesses without Plaintiff being able to question the witnesses, including one alleged victim, regarding their statements as compared to the complete disregard of Plaintiff's two eyewitnesses who were specifically told by the board that their testimony did not matter because the only thing the board was to decide is whether or not the alleged incident occurred.

7

(Doc. 11 at 13 (emphasis added)). Quite to the contrary, nothing in the Amended Complaint shines any light on how "the several decisions of the board" were motivated by gender bias, as opposed to being gender-neutral acts of simple procedural discretion afforded to the board by the governing rules.

Plaintiff attached to his Amended Complaint a copy of Defendant's Grievance Hearing Procedures as an exhibit. Those procedures explicitly provide that the complainant or respondent (the "parties") or witnesses do not have to appear physically at the hearing; the chairperson of the hearing panel retains the authority to determine the relevancy and appropriateness of any questions; and witnesses not part of the investigation may appear only subject to the discretion of Hearing Panel. (*See* Doc. 6-1 at 5 – 7). Furthermore, nothing in the procedures provided by the Plaintiff purports to limit admissible evidence in the college's grievance hearings to non-hearsay evidence. Moreover, none of the procedures purport to apply to one sex or gender over any other or are of a nature that a court could infer that the procedures are skewed to accommodate one gender over the other. Therefore, the "several decisions" of which Plaintiff complains are all authorized by the College's procedures and the Plaintiff has provided no basis for the Court to conclude that the procedures either (1) are skewed to favor an accuser over an accused, let alone one sex over another; or (2) were manipulated to intentionally disadvantage Plaintiff during the hearing on account of his sex.

The *Yusuf* court did provide some useful guidance as to how a Title IX erroneous outcome plaintiff could sufficiently allege his claim. 35 F.3d at 715. That

court explained that a Title IX plaintiff might proceed as a Title VII plaintiff and plead allegations of statements touching upon gender made by members of the disciplinary panel or the university at large, or perhaps cite patterns—not a single instance—of decision-making that would also demonstrate the influence of entrenched gender discrimination. *See id*. Plaintiff has not pled anything remotely similar to those foregoing examples. In fact, the Amended Complaint contains no information whatsoever from which a court can fairly conclude Plaintiff's allegation of discrimination is nothing more than a mere label or legal conclusion, which of course is entitled to no weight under *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). The claim must be dismissed.

## CONCLUSION

Defendant's Motion to Dismiss (Doc. 8) is GRANTED as to Count II of the Amended Complaint ONLY. The Court expresses no judgment as to the propriety of Count I, an Illinois state law claim. When a court dismisses a claim pursuant to a Rule 12(b)(6) motion, the dismissal must be with prejudice because the claim is not one upon which relief can be granted. *Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009). Amendment of the claim will only be allowed upon motion and upon a showing that such amendment would not be futile. *See Stanard v. Nygren,* 658 F.3d 792, 797 (7th Cir. 2011).

Therefore, the Court grants twenty-one days of the date of entry of this Order and Opinion to file a motion to amend along with a proposed Second Amended

Complaint attached. Should the Plaintiff fail to file a motion to amend within the time allotted, the Court will decline to exercise its supplemental jurisdiction under 28 U.S.C. § 1367(c) over the remaining state law claim and remand the action to the Illinois Circuit Court of Knox County, Ninth Judicial Circuit.

Entered this <u>23rd</u> day of January, 2015.

                                                  s/ Joe B. McDade
                                                  JOE BILLY McDADE
                                         United States Senior District Judge